## SMITH v STATE OF FLORIDA
### Case No. 86-271Ac (County Court Case No. 58000LQ)
Eleventh Judicial Circuit, Appellate Division, Dade County
December 28, 1987

### APPEARANCES OF COUNSEL

**Bruce Rosenthal** for appellant.

**Yvette Rhodes Prescott** for appellee.

Before HENDERSON, FEDER, DONNER, JJ.

### OPINION OF THE COURT

FEDER, R.Y.

The matter comes before the Court on the issue of whether a Trial Court can adjudicate a Defendant guilty of direct Contempt of Court for being inebriated in Court. This Court is aware of the frustrations of the Trial Judge, but must reverse.

The Court found that it was hindered in making a determination as to whether the Defendant had violated Probation by not performing his

community service because the Defendant failed to respond to the Court's inquiry regarding his performance. But the Probation violation was not at that moment being tried before the Court. In addition the facts belie this, as the Court asked one question concerning the sobriety of the Defendant and was answered "No Sir". There was sufficient indication of an alcoholic odor emanating from the Defendant. Aromatic Defendants (unwashed or perfume 0 doused, halitosis or arm-pitosis) may turn a Trial into a nightmare for the Court, but something more is required for direct contempt. Antisepsis is required for surgical proceedings, not legal. The law is clear that in order to be held in contempt of Court, the Defendant must act in a manner ". . . calculated to have an actual and direct obstruction of or interference with the administration of justice or . . . to hinder or embarrass the Court in its legal and lawful operation". *State v. Lewis,* 60 So. 2d 685, 686 (1955). [Id. at 686]

A leading out-of-state case is directly on point and holds that "merely being under some influence of liquor will not by itself constitute contempt. The drunkenness must be such that it obstructs the administration of justice, which means that it must interfere with or disrupt the orderly process of the Court". *Commonwealth ex rel. Falwell v. DiGiacinto,* 471 A.2d 533, 537 (Pa. Super. 1984). By remaining silent, with counsel at his side, the Defendant could not have "hindered the administration of justice".

The trial court acknowledged the fact that the Defendant was stationary, that he was silent except for the word "no", and that he "certainly created no commotion". [R 31] Simply observing the Defendant in an inebriated state and having the odor of alcohol on his breath may well be obnoxious as well as noxious, but it is insufficient to support a conviction for direct contempt. The judgment must, therefore, be reversed.